UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

          Plaintiff,

    v.

FRANCIS VARGES QUINNTILLIAN, et al.,

          Defendants.

Case No. 26-cv-05495-LJC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 3

## I.     APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff Eugene Hart, proceeding pro se, filed an application to proceed in forma pauperis (IFP). ECF No. 3. If the Court grants his request and determines his Complaint is not subject to dismissal under 28 U.S.C § 1915(e)(2)(B), Plaintiff would be excused from paying the $405 filing fee for this civil action and the Court would direct an agent of the Court (typically the U.S. Marshal) to complete service of process on Plaintiff's behalf.

Plaintiff used the Northern District's form IFP application, which directs applicants to provide information regarding their income, assets, and expenses. *See* ECF No. 3. Plaintiff's application is incomplete and includes vague and at times contradictory information. He did not indicate whether or not he is presently employed. *Id.* at 1. Although he listed his gross and net salary at zero dollars and indicated that he does not have an employer, he also wrote that he did not "earn[] a 'Wage,' I received an 'Gross pay' at Cosco Company." *Id.* at 2. Plaintiff did not state his last date of employment or his gross pay at his last job. *Id.* Plaintiff indicated that he owned or was buying a home but did not list the home's market value and put down a zero and a question mark when prompted for the mortgage amount. *Id.* at 3. (He later listed "mortgage payments" when asked if he had any other debts but did not specify his monthly payment. *Id.*)

United States District Court
Northern District of California

Although Plaintiff indicated that he receives federal or state welfare payments and has "above" fifty dollars in his bank accounts, he did not specify the amount he received in public benefits or the balance of his accounts. When asked if he had "any other assets," Plaintiff checked "Yes" and wrote that he has "'Assets' working within the system." *Id.*

Although "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute . . . a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.*

Plaintiff has not alleged poverty with "particularity, definiteness and certainty." *McQuade*, 647 F.3d at 940. He has failed to explain whether he is currently working; if he not, when he last worked and how much he made; the value of the house he owns or is buying; how much money he has in his bank accounts; and the value of his "Assets." ECF No. 3 at 3. Plaintiff is accordingly ORDERED TO SHOW CAUSE why his IFP application should not be denied by filing, no later than July 1, 2026, an amended IFP application or supplemental declaration listing his monthly income, monthly expenses, and value of his home and other assets, or by paying the filing fee by the same deadline.

## II.    SUFFICIENCY OF THE COMPLAINT

As Plaintiff likely knows from other cases he has filed in this district, if the Court grants his application to proceed IFP, the next step would be for the Court to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it states a claim on which relief may be granted or is frivolous. *See, e.g.*, *Hart v. Microsoft Corp.*, 26-cv-02483-CRB, ECF No. 4 (N.D. Cal. Apr. 1, 2026).

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). But a complaint still must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *Id.* at 678–79. To state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint needs to identify the law or right the plaintiff claims the defendant violated *and* include facts showing how the defendant's conduct violated the law. In assessing whether a complaint is "frivolous" under § 1915, courts may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Plaintiff's statement of facts begins, "All of what I complain about is by my own experience and through other sources, or trusted information that's given for disclosure and testimony." ECF No. 1 (Compl.) at 3. He then references employment discrimination against his mother, sexual assault allegations, national security risks and loss of privacy. *Id.* at 3-4. It is not clear how these incidents are related to each other let alone Defendant NASA. Plaintiff purports to assert two claims, one for a violation of "Employment protection 'LAW'" and the second for "Privacy invasion," but does not identify any particular laws that NASA violated or explain what NASA did that may have violated the law. *Id.* at 5-6. Instead, his claims consist of vague references to workplace misconduct ("These are Allegations concerning an incident that had occurred back in time when my mother was being examined for work") and nonsensical statements regarding surveillance and privacy ("Surveillance is one of the Advantages that can be a Disadvantage for the people under surveillance . . . Regarding the 'Security' and 'Safety when dealing with the Secrets of the public and privacy?"). *Id.* Plaintiff does not tether his fanciful claims to any factual allegations or specific misconduct by Defendant. He is accordingly ORDERED TO SHOW CAUSE why, if his application to proceed IFP is granted, his complaint should not be dismissed by filing a response or amended complaint no later than July 1, 2026.

## III.    CONCLUSION

By July 1, 2026, Plaintiff must file (1) an appended IFP application or supplemental

declaration; and (2) an amended complaint identifying which laws Defendant violated and stating facts supporting each claim, or a response explaining why the current complaint is sufficient. Failure to respond to this Order or address the deficiencies identified therein may result in the undersigned issuing a report and recommendation recommending dismissal of this case for failure to prosecute, failure to comply with a court order, and failure to pay the filing fee.

**IT IS SO ORDERED.**

Dated: June 11, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

4